IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                                                          CASE NO. 4:10-cv-00153-MP-AK

ROSEMARY BARKETT, et al,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court upon the filing of a complaint by an inmate, who is proceeding pro se, but who has paid the full filing fee. (Doc. 1). Plaintiff is on the Court's three strikes list for filing numerous frivolous actions in both the Northern and Middle Districts of Florida.

The present cause of action is asserted against United States District Judge Stephan P. Mickle, United States Magistrate Judge William C. Sherrill, Assistant Attorney General Phillip Edwards, and two Circuit Judges for the Eleventh Circuit Court of Appeals for alleged adverse decisions they made against him concerning his habeas petitions and appeals. Plaintiff also alleges that these judges were involved in evidentiary decisions that resulted in his conviction in state court and that they had extra-judicial knowledge of the circumstances of the crimes of which he was convicted.

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was frivolous or

malicious.[1]  Neitzke recognized two types of cases which may be dismissed, *sua sponte*.  In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless." *Id.*  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit.  Within the latter are those cases describing scenarios clearly removed from reality.  Cofield v. Alabama Public Service Comm'n, 936 F.2d 512 (11th Cir. 1991)(a judge conducting a frivolity review under section 1915(d) is not required to assume the truth of the allegations and may dismiss summarily those claims deemed "far-fetched" and "fantastic").

Dismissal under such circumstances has been extended to situations in which a litigant paid the court's filing fees.  In such a situation, the district court in the Southern District of New York held that "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense."  Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), *affirmed* 41 F.3d 1500 (2nd Cir. 1994)

> The policies arguing against sua sponte Rule 12(b)(6) dismissals do not apply in these circumstances.  The author of claims as irrational as these cannot be regarded as subject to the economic incentive to refrain from frivolous actions imposed by filing fees and court costs upon rational paying litigants. . . .  If this Court cannot order sua sponte dismissal of this complaint under Rule 12(b)(6), no district court can ever dismiss sua sponte any complaint under the Rule.  I do not think that is the law.

Tyler, 151 F.R.D. at 540.  Plaintiff in the case at bar has presented conclusory allegations that are clearly baseless and are frivolous.  No Defendant should be put to the expense of answering such

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

a complaint, and there is no reason to permit Plaintiff to file an amended complaint. Therefore, summary dismissal of this action is appropriate pursuant Fed. R. Civ. P. 12(b)(6).

As further grounds for dismissal, all the defendants are protected by judicial or prosecutorial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978) (If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction."); Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)(prosecuting attorneys are absolutely immune from their acts in initiating or pursuing criminal prosecution).

Accordingly, it is

**ORDERED AND ADJUDGED:**

That Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and as barred by absolute immunity.

**DONE AND ORDERED** this  *15th*  day of June, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge